## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 18-24538-CV-MORENO
### MAGISTRATE JUDGE REID

CORDERO OTISROY BLAIR,

      Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR.,

      Respondent.

### REPORT RE DISMISSAL FOR FAILURE TO OBTAIN
### AUTHORIZATION PURSUANT TO 28 U.S.C. § 2244(b)(3)

This matter is before the court on petitioner's second *pro se* petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. As discussed below, because it is successive, the petition should be dismissed for lack of jurisdiction.

### I.    Background

In 2004, petitioner was charged in Miami-Dade case number F04-22267 with one count of robbery using a deadly weapon (count 1) and armed burglary (count 2). [ECF 10-1, pp. 9-12].[1] In 2005, petitioner pleaded guilty to these charges in exchange for a sentence of 364 days in the county jail to be mitigated by two years of community control followed by two years of probation. [*Id.* pp. 14-16]. In 2006,

---

[1] All citations to ECF entries refer to the page-number located at the top, right-hand corner of the page.

the state filed an affidavit of probation violation charging petitioner with, among other charges, armed robbery. [*Id.* p. 18].

In 2008, the state trial court held a probation revocation hearing. The court found petitioner guilty. [ECF 11-2, p. 114]. In 2009, the court vacated its finding of guilty and held a series of hearings, at the end of which it again found him guilty. [ECF 11-5, p. 22]. The court sentenced petitioner to life in prison on both counts, to run currently. [*Id.* p. 29].

Petitioner appealed and, in 2011, the Third District Court of Appeal ("Third District") affirmed without comment. [ECF 10-1, p. 166]. Meanwhile, in the state postconviction court, petitioner filed a Rule 3.800(b) motion contending that his life sentence was unlawful because the plea agreement limited the possible sentence to 30 years. [*Id.* p. 34]. In May 2010, the postconviction court held that petitioner's life sentence "was erroneously imposed" and imposed "a new sentence of 30 years." [*Id.* p. 78]. *See also* [*id.* pp. 80-81 (order expressly committing petitioner to FDOC custody for 30 years)].

After filing several state postconviction motions, in November 2012, petitioner filed his first § 2254 petition in this District. [ECF 10-2, pp. 119-20]. Petitioner contended that the trial court lacked jurisdiction to revoke his probation because the state did not obtain an arrest warrant before filing the probation violation charge. *See* [*id.* pp. 122-23]. Based on this alleged error, he requested reversal of the

orders revoking probation, vacatur of "the resulting judgments and sentences," and immediate discharge from custody. [*Id.* p. 123]. In August 2013, the court denied the petition on the merits. [*Id.* pp. 193-94].

After further state postconviction litigation, in October 2015, petitioner filed a Rule 3.800(a) motion. He alleged that he was entitled to keep his youth offender status under Florida law even though he violated probation. *See* [ECF 10-2, pp. 58-60]. The postconviction court denied the motion. [*Id.* p. 72].

Petitioner appealed. In December 2016, the Third District affirmed in part and reversed in part. [ECF 10-3, p. 109]. Pertinently, the Third District "remand[ed] with directions to the trial court to amend [petitioner's] sentence to reflect his youthful offender status." [*Id.*]

In support of its decision, the Third District cited *Jacques v. State*, 95 So. 3d 419, 420-21 (Fla. 3d DCA 2012) and *Yegge v. State*, 186 So. 3d 553, 555-56 (Fla. 2nd DCA 2015). In *Jacques*, the defendant originally pleaded guilty to cocaine trafficking and "was sentenced as a youthful offender to six years probation." 95 So. 3d at 420. Later, the trial court "determined that [the defendant] had violated the terms of his probation by engaging in a number of serious crimes." *Id.* "His probation was revoked and the trial court sentenced him to thirty years in prison." *Id.* The defendant argued that the trial court "erred in failing to continue his status as a youthful offender and in imposing a sentence beyond the permissible sentence of no

more than six years for a technical or non-substantive violation of probation." *Id.* (citing Fla. Stat. § 958.14). *Jacques* found "no error in the imposition of a sentence exceeding six years as section 958.14 provides that, for a substantive probation violation, a youthful offender may be sentenced to the maximum sentence allowed for the crime for which he or she was found guilty." *Id.* However, *Jacques* could not "discern from the new sentencing order that [the defendant's] youthful offender status was continued as required." *Id.* (citation omitted). Therefore, *Jacques* reversed and remanded "the sentencing order . . . to be corrected to reflect that [the defendant's] youthful offender status [would] continue under the new sentence." *Id.* at 420-21.

Similarly, *Yegge* stated that "[i]mposing a mandatory minimum on a youthful offender sentence does not equate with removing a defendant's youthful offender status." 186 So. 3d at 556. *Yegge* further stated: "[A] youthful offender designation carries benefits--including the availability of programs and facilities, and, though [the defendant] may not qualify, eligibility for early release--within the criminal justice system." *Id.* at 555-56 (citations omitted).

Notably, the Florida Supreme Court has disapproved of *Jacques*'s and *Yegge*'s holding that "where a trial court imposes a prison sentence in excess of the six-year [youthful offender] statutory cap after a substantive probation violation, the defendant retains his or her youthful offender 'status' along with the other attendant

benefits of youthful offender sentencing." *See Eustache v. State*, 248 So. 3d 1097, 1101 (Fla. 2018). *Eustache* clarified that where, as here "a youthful offender commits a substantive violation of probation and the trial court elects to impose a sentence in excess of the six-year cap, the sentence necessarily becomes an adult [] sentence such that the defendant does not retain his . . . 'youthful offender status.'" *Id.* at 1102.

On remand from the Third District, in February 2017, the trial court entered an order correcting petitioner's judgment and sentence. [ECF 10-3, p. 122]. The order provided: "The Clerk of Court shall amend [petitioner's] judgment and sentencing orders to reflect that as a provision of [petitioner's] thirty (30) year imprisonment sentence, [petitioner] is designated a Youthful Offender pursuant to [Fla. Stat. §] 958.14." [*Id.*] Further, the order provided that it was retroactive to the date on which the trial court revoked petitioner's probation. *See* [*id.* p. 120]. The order and accompanying documents contained no further relevant provisions. *See* [*id.* pp. 119-22].

After filing another state postconviction motion, in October 2018, petitioner filed this second § 2254 motion in which he again challenges his revocation of probation and resultant sentence. *See, e.g.*, [ECF 1, pp. 8-9, 15-16]. Petitioner requests wide-ranging relief, including the vacatur of his judgment and sentence. [*Id.* pp. 16-17; ECF 3, p. 6].

The state filed a response and supporting documents. [ECF 10; ECF 11]. In its response the state contends that the instant § 2254 petition is successive to the petition dismissed in August 2013 and that, therefore, the court lacks jurisdiction. [ECF 10, pp. 31-32]. Petitioner replied. [ECF 16].

## II.    Discussion

"Before a second or successive [§ 2254 petition] is filed in the district court, the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A).

"A motion in the court of appeals for an order authorizing the district court to consider a second or successive [petition] shall be determined by a three-judge panel of the court of appeals[,]" and may be granted "only if [the court of appeals] determines that the [petition] makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." *Id.* § 2244(b)(3)(B)-(C).

Under § 2244(b), without authorization from the appropriate court of appeals, a "[d]istrict [c]ourt [is] without jurisdiction to entertain" a "'second or successive' petition challenging [the inmate's] custody[.]" *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, petitioner does not allege that he has sought, or that the Eleventh Circuit has granted, permission to file the instant § 2254 petition. However, he contends that the trial court's order amending his sentence to reflect his alleged youthful offender

status constituted a new sentence and that, consequently, the petition is not "second or successive" in the specialized sense of the term. *See* [ECF 1, pp. 6, 17; ECF 16, pp. 1-2].

"The judgment that matters for purposes of section 2244 is "the judgment authorizing the prisoner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (citing *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). "[T]he bar on second or successive petitions ordinarily prevents a prisoner from twice contesting the judgment authorizing his confinement." *Id.* (citing *Burton*, 549 U.S. at 153).

"A petition is not second or successive if it challenges a 'new judgment' issued after the prisoner filed his first petition, but the new judgment must be a judgment authorizing the prisoner's confinement." *Id.* (citing *Magwood*, 561 U.S. at 322, 324).

Here, the May 2010 order resentencing petitioner to 30 years in prison for his probation violation is the last judgment authorizing his confinement. *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam) ("[T]here is only one judgment, and it is comprised of both the sentence and the conviction." (citation omitted)). This judgment prescribed his term of confinement and explicitly "committed [petitioner] to the custody of the [Florida] Department of Corrections[] [for that term]." *See Patterson*, 849 F.3d at 1325. Both of petitioner's

§ 2254 petitions challenge this judgment. Thus, "[b]ecause [petitioner's] 201[8] petition challenges the [2010] judgment a second time, the [] court [properly] dismisse[s] it as second or successive." *See id.* at 1325-26.

Petitioner contends that *Patterson* is inapplicable because "the court never issued a new prison sentence in writing, it only order[ed] the bar of the imposition of chemical castration, never addressing the term of imprisonment." [ECF 16, p. 1]. Petitioner reads *Patterson* too narrowly. There, the defendant filed a Rule 3.800 motion challenging the portion of his sentence that required chemical castration. 849 F.3d at 1324. The trial court granted the motion in an order that stated that the defendant "shall not have to undergo [chemical castration] as previously ordered by the Court." *Id.* "The 2009 order did not vacate [the defendant's] sentence and replace it with a new one." *Id.* "Nor did it direct the [FDOC] to hold [the defendant] or perform any affirmative act." *Id.*

Here, as in *Patterson*, the 2017 order did not vacate petitioner's 30-year sentence and replace it with a new one. Furthermore, as in *Patterson*, the 2017 order did not direct the FDOC to hold petitioner or perform any affirmative act. Rather, it simply stated that petitioner's 30-year sentence would be amended to reflect his alleged youthful offender designation. [ECF 10-3, p. 120]. While the order requires this amendment, "it does not otherwise address the term of [petitioner's] imprisonment." *See Patterson*, 849 F.3d at 1326. "The only question [under

*Patterson*] is whether the 20[17] order authorizes [petitioner's] confinement[,]" which it does not. *See id.* at 1327. Thus, contrary to petitioner's contention, *Patterson* is instructive.

Petitioner seems to contend that the 2017 order is a "new judgment" because, in conjunction with the written order, the trial court entered a physically separate form order correcting petitioner's judgment and sentence in accordance with the Third District's mandate. *Compare* [ECF 16, p. 1], *with* [ECF 10-3, p. 120]. Again, however, the form order simply states that petitioner's 30-year sentence would be corrected "to reflect that [he] was sentence[d] as a youthful offender." [ECF 10-3, p. 120]. Thus, because the form order duplicates the written order, it does not constitute a "new judgment" for the same reasons that the written order does not. Moreover, "the state court entered [this form order] *nunc pro tunc*," which further indicates that it is not a "new judgment" authorizing petitioner's custody. *See Wells v. Sec'y, Dep't of Corr.*, 769 F. App'x 885, 887 (11th Cir. 2019) (per curiam).

Petitioner also contends that the 2017 order is a "new judgment" because, in his words, a "youthful offender designation carries benefits including the availability of programs and facilities and eligibility for early release within the criminal justice system." *See* [ECF 16, p. 2]. However, no document in the record provides, much less establishes, that the 2017 order carried any such benefit for petitioner. Quite the contrary, *Eustache* establishes that petitioner necessarily lost his youthful offender

status when the trial court imposed a 30-year adult sentence. Thus, any contention that the 2017 order implicitly imposes legal duties on the FDOC to provide such benefits would fail.

Without significant explanation, [ECF 16, p. 1], petitioner contends that the 2017 order is a "new judgment" in light of *Magwood* and *Insignares*. These cases are readily distinguishable. In *Magwood*, the defendant's successive-in-time § 2254 petition challenged a sentence that the district court imposed after vacating a previous sentence and holding a new sentencing proceeding. 561 U.S. at 326. Here, by contrast, the trial court did not vacate petitioner's 30-year sentence when entering the 2017 order amending his sentence to reflect his alleged youthful offender designation. In *Insignares*, the defendant filed his second-in-time § 2254 petition after the state court "granted a motion to reduce [the defendant's] mandatory-minimum imprisonment sentence from 20 years to 10 years but retained his 27-year imprisonment sentence." 755 F.3d at 1281. In this case, however, the 2017 order did not reduce any mandatory-minimum imprisonment sentence. Rather, it simply amended petitioner's judgment and sentence to reflect that he was originally sentenced as a youthful offender. Thus, unlike in *Insignares*, the 2017 order "[did] not [] address the term of [petitioner's] imprisonment." *See Patterson*, 849 F.3d at 1326.

Furthermore, the order granting the motion to correct sentence in *Insignares* expressly committed the defendant to FDOC custody. *Insignares v. Dep't of Corr.*, Case No. 11-20858-CV-COOKE, Response to Order to Show Cause, App'x, Vol. 2 [ECF 11-2, pp. 20-22] (S.D. Fla. June 23, 2011).[2] *See also Patterson*, 849 F.3d at 1326 ("[T]he Florida trial court in *Insignares* . . . : . . . changed [the defendant's] term of imprisonment and entered [a] corrected sentence and new judgment. This corrected sentence committed [the defendant] to custody of the [FDOC]." (citation omitted)). In short, *Magwood* and *Insignares* are inapposite.

In sum, petitioner has filed a "second or successive" habeas petition without the necessary authorization from the Eleventh Circuit. The court lacks jurisdiction over this petition. Accordingly, it should be dismissed for lack of jurisdiction.[3]

### III.   Certificate of Appealability

Because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the court may] not issue a [certificate of appealability]." *See*

---

[2] The undersigned takes judicial notice of these judicial records. *See* Fed. R. Evid. 201(b)-(c); *see also Olmstead v. Humana, Inc.*, 154 F. App'x 800, 803 (11th Cir. 2005) (per curiam) ("A court may take judicial notice of another court order[.] . . ." (citation omitted)); *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it . . .." (citation omitted)); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records . . .." (citation omitted)).

[3] The court will provide petitioner with a form to apply for such authorization. However, the instant § 2254 petition appears to be untimely. *See* 28 U.S.C. § 2244(d)(1). Thus, neither a direct transfer to the Eleventh Circuit under 28 U.S.C. § 1631 nor a stay is proper. *See Guenther v. Holt,* 173 F.3d 1328, 1330-31 (11th Cir. 1999).

*Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted). Yet no certificate of appealability "is required to appeal the dismissal for lack of jurisdiction of an unauthorized successive habeas petition." *Caison v. Sec'y, Dep't of Corr.*, 766 F. App'x 870, 873 (11th Cir. 2019) (per curiam) (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir. 2004)).

## IV. Recommendations

As discussed above, it is recommended that petitioner's habeas petition [ECF 1] be dismissed for lack of jurisdiction.

It is further recommended that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 2nd day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

Cordero Otisroy Blair
M51286
South Bay Correctional Facility
Inmate Mail/Parcels
600 U S Highway 27 South
South Bay, FL 33493-2233
PRO SE

Magaly Rodriguez
Office of the Attorney General
Rivergate Plaza
444 Brickell Avenue
Suite 650
Miami, FL 33131
305-377-5441
Fax: 377-5655
Email: Magaly.Rodriguez@myfloridalegal.com

Sandra Lipman
Office of the Attorney General
444 Brickell Avenue, Suite 650
Miami, FL 33131
305-377-5441
Email: sandra.lipman@myfloridalegal.com

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com