UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-24538-CIV-MORENO

CORDERO OTISROY BLAIR,

    Petitioner,

vs.

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND
## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, for a Report and Recommendation on Petitioner Cordero Otisroy Blair's Petition for Writ of Habeas Corpus under 28 U.S.C. Section 2254. The case was later reassigned to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Petition be dismissed as successive under 28 U.S.C. Section 2244(b). Magistrate Judge Reid found the underlying Petition was successive to a November 2012 federal habeas petition filed by Blair, which also attacked the same 2010 state court judgment. Also finding Blair did not have the Eleventh Circuit's permission to file a successive habeas petition, Magistrate Judge Reid recommends the underlying Petition be dismissed for lack of jurisdiction.

The Court reviewed the entire file and record, and made a *de novo* review of the issues raised by Blair's Objections **(D.E. 21)**. Being otherwise fully advised in the premises, it is

**ADJUDGED** that the Report and Recommendation is **AFFIRMED** and **ADOPTED**. The Petition is accordingly **DISMISSED** for lack of jurisdiction, and the case is **CLOSED**.

## BACKGROUND

In October 2009, Blair was sentenced to life in prison in state court after being found guilty of a probation violation. (D.E. 11-5 at 22, 29.) The Florida Third District Court of Appeal later affirmed the conviction without comment. (D.E. 10-1 at 166.) Then, in May 2010, the Circuit Court of the Eleventh Judicial Circuit granted Blair's post-conviction motion challenging his life sentence under Rule 3.800(b) and ruled that Blair's "life sentence [was] corrected and a new sentence of 30 years" was imposed. *Id.* at 78, 80–81.

In November 2012, Blair filed his first federal habeas petition under Section 2254. The first petition challenged the state trial court's jurisdiction to issue the revocation of probation ruling. (D.E. 10-2 at 119–23.) By seeking vacatur of "the resulting judgments and sentences," *id.* at 123, the first petition attacked the May 2010 sentence. Ultimately, the district court denied the first petition on the merits. *Id.* at 193–94.

In October 2015, Blair filed a Section 3.800(a) motion in state court seeking to be redesignated a Youthful Offender under Florida law, despite his probation violation. (D.E. 10-3 at 58–60.) Although the Section 3.800(a) motion was initially denied by the Eleveth Judicial Circuit, the Third District Court of Appeal reversed in part. *Id.* at 72, 109. Critically, the Court of Appeal's December 2016 order "remand[ed] with directions to the trial court to amend Blair's sentence to refect his youthful offender status." *Id.* at 109.

In January 2017, the trial court entered an order that "corrected" the Petitioner's judgment and sentence as follows: "[t]he CLERK OF COURT SHALL *amend* [Blair's] judgment and sentencing orders to reflect that as a provision of [Blair's] thirty (30) year imprisonment sentence, [Blair be] designated a Youthful Offender pursuant to F.S. 958.14." *Id.* at 122. Notably, the order reapplied the Youthful Offender status retroactively to the day the trial court revoked Blair's probation. *Id.* at 120.

On October 30, 2018, Blair filed the underlying Petition—his second federal habeas petition—which asks the Court to "vacat[e] all Judgments and Sentences in his case." (*See* D.E. 1 at 17.) This Petition, like the first federal habeas petition, challenges the legality of Blair's state court judgment.

## DISCUSSION

The Report and Recommendation found the underlying Petition was successive to Blair's first federal habeas petition that was filed in November 2012 because both petitions challenge the same 2010 state court judgment. (D.E. 6–8.) Blair's primary objection is that the Magistrate Judge erred in concluding the underlying Petition is successive because the first federal habeas petition attacked the May 2010 judgment (*i.e.* the original 30-year sentence without Youthful Offender Status), whereas the underlying Petition attacks the judgment resulting from the January 2017 order (*i.e.* the amended judgment reflecting Blair's Youthful Offender status). In other words, Blair argues the order amending his original judgment to reapply his Youthful Offender status was tantamount to a *new* judgment, and thus the instant Petition is not successive.

When reviewing the Report and Recommendation, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

After a state prisoner has had a trial, a direct appeal, and an opportunity for collateral review in the state courts, the prisoner "typically gets one, and only one, chance to collaterally attack" the conviction in federal court. *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017). With certain exceptions not relevant here, 28 U.S.C. Section 2244(b) prohibits a state prisoner from filing a "second or successive" habeas petition. *Id.* at 1324–25; 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application

under section 2254 that was presented in a prior application shall be dismissed."). Whether a petition is second or successive depends on "the *judgment* challenged." *Patterson*, 849 F.3d at 1325 (quoting *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014)) (emphasis in original). The judgment that matters for purposes of Section 2244 is "the judgment authorizing the prisoner's confinement." *Id.* (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)).

In the Eleventh Circuit, not all post-judgment changes or corrections to a sentence result in a new "judgment" for purposes of Section 2244(b). There is a legally significant distinction between an amended judgment that vacates or changes the length of confinement, and an amended judgment that adds or eliminates a non-confinement related condition. For instance, a federal habeas petition is not successive where it attacks a judgment that follows resentencing in state court. *See Insignares*, 755 F.3d at 1281 (ruling habeas petition was not successive because the "2009 resentencing by the state judge resulted in a new judgment, and the 2011 petition [was the petitioner's] first federal challenge to that 2009 judgment").

But in contrast, a federal habeas petition *is* successive where an amended judgment eliminates a non-confinement related requirement, but does not otherwise vacate or change the length of confinement. *See, e.g., Patterson*, 849 F.3d at 1326 (ruling habeas petition was successive because it attacked the 2009 order that "bar[red] the imposition of chemical castration, but it [did] not otherwise address the term of Patterson's imprisonment," and distinguishing *Insignares* on grounds that that case involved "an intervening 'judgment authorizing [his] confinement,'" but Patterson did not) (quoting *Insignares*; 755 F.3d at 1279); *Booth v. Sec'y, Fla. Dep't of Corr.*, 729 F. App'x 861, 862–63 (11th Cir. 2018) (affirming district court's dismissal of habeas petition because the trial court did not vacate or

resentence the petitioner, but rather issued a "ministerial correction" reflecting the state appellate court's holding that the sentences ran concurrently, not consecutively).

Here, while it is true that the Eleventh Judicial Circuit issued an order in January 2017 that "corrected" the May 2010 judgment, the May 2010 judgment was "amend[ed] . . . to reflect that *as a provision of* [Blair's] thirty (30) year imprisonment sentence, [Blair was] designated a Youthful Offender" pursuant to Florida law. (D.E. 10-3 at 122 (emphasis added).) Critically, the January 2017 order never *vacated* the May 2010 judgment—the judgment authorizing Blair's 30-year sentence. And by the terms of the January 2017 order, the May 2010 judgment was simply amended to redesignate Blair a Youthful Offender—not to change the length of Blair's confinement in any way. *See id.* Following mandatory Eleventh Circuit authority, the Court agrees with Magistrate Judge Reid that the underlying Petition is successive under Section 2244(b) because it, like the first federal habeas petition, attacks the May 2010 judgment.

Blair also objects on grounds that his Youthful Offender designation imposes additional legal duties on the department of corrections to provide certain benefits, such as availability of programs and facilities, and eligibility for early release within the criminal justice system. (*See* D.E. 21 at 3.) Specifically, Youthful Offenders are provided with multiple benefits, including placement in institutions separate from the adult prison population, special rehabilitation programs, and the possibility of early release upon recommendation by the Department of Corrections. *See* Fla. Stat. §§ 958.03(5), 958.04(2)(d); *Eustache v. State*, 248 So. 3d 1097, 1099 (Fla. 2018). But none of these benefits change the legality or length of Blair's confinement, as imposed by the May 2010 judgment—the judgment that matters for purposes of Section 2244. *See Patterson*, 849 F.3d at 1325 (quoting *Magwood*, 561 U.S. at 332). Even though the May 2010 judgment was amended to redesignate Blair a Youthful Offender,

Blair's sentence of confinement was neither vacated, nor was the length of confinement changed in any way. In short, the Youthful Offender designation constitutes a non-confinement related condition of Blair's judgment; it does not create a new judgment for purposes of Section 2244(b).

Therefore, because the underlying Petition is the second federal habeas petition attacking the May 2010 judgment, the instant Petition is successive. For these reasons, it is

**ADJUDGED** that Blair's Objections **(D.E. 21)** are **OVERRULED** and the Petition for Writ of Habeas Corpus **(D.E. 1)** is **DENIED** for lack of jurisdiction because the Petition is successive. The Clerk is directed to **CLOSE** the case. It is further

**ADJUDGED** that no certificate of appealability issue because Blair has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. Section 2253(c)(2).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26 of November 2019.

```
_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE
```

Copies furnished to:

United States Magistrate Judge Lisette M. Reid

Counsel of Record

Cordero Otisroy Blair
M51286
South Bay Correctional Facility
Inmate Mail/Parcels
600 U.S. Highway 27 South
South Bay, FL 33493-2233
Pro Se